IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMON VICTORELL SLATER, ) <br> AIS #177985, ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> PATRICE RICHIE, et al., ) <br> ) <br>     Defendants. ) | CIVIL ACTION NO. 2:16-CV-134-WHA |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Demon Victorell Slater ("Slater"), a former state inmate, in which he challenges the constitutionality of actions taken against him in February of 2016 at the Easterling Correctional Facility. The order of procedure entered in this case instructed Slater to immediately inform the court of any new address. *Doc. No 4* at 6. The record demonstrates that Slater received a copy of this order.

Orders entered by the court in *Slater v. Askew*, Civil Action No. 2:16-CV-672-MHT-GMB, and mailed to Slater by the Clerk were returned to the court because Slater was not at the last address he had provided for service.[1] In light of the foregoing and as Slater had not provided the court with a correct address as directed by the order of procedure, the court entered an order requiring that on or before January 31, 2017 Slater

---

[1] The last address provided to the court by the plaintiff is Easterling Correctional Facility. A recent search of the inmate database maintained by the Alabama Department of Corrections, http://doc.state.al.us/InmateSearch, indicates that Demon Victorell Slater is no longer incarcerated within the state prison system.

"show cause why this case should not be dismissed for his failure to comply with the orders of this court and his failure to adequately prosecute this action." *Doc. No. 44* at 1-2. This order specifically advised Slater that the instant case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. *Id*. The court has received no response from Slater to the aforementioned order nor has he provided the court with his current address as required by the order of procedure.

As is clear from the foregoing, Slater has failed to comply with the directives of the orders entered by this court. In addition, this case cannot properly proceed in his absence. It likewise appears that since his release from prison Slater is not interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action. It is further

ORDERED that on or before February 17, 2017 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the

Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 3rd day of February, 2017.

                      /s/Terry F. Moorer
                      TERRY F. MOORER
                      UNITED STATES MAGISTRATE JUDGE