IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMON VICTORELL SLATER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-134-WHA |
| ) | |
| PATRICE RICHIE, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTON**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Demon Victorell Slater ("Slater"), a former state inmate, in which he challenges the constitutionality of actions taken against him in February of 2016 at the Easterling Correctional Facility.[1] Specifically, Slater complains of perceived inequities with respect to his treatment as a Sunni Muslim inmate regarding access to donated reading materials, prayer oils and a kufi. *Doc. No. 1* at 3. On July 29, 2016, the court permitted an amendment to the complaint "solely to the extent the plaintiff seeks to clarify his equal protection claim with respect to the ability to wear a [kufi] and possess religious oils at all times." *Doc. No. 31* at 1. Slater seeks only injunctive relief, i.e., "a Muslim Iman/Chaplain . . . or a Neutral non-Christian, non-Muslim spiritual services supervisor"

---

[1] Slater filed a Notice of Change of Address on March 2, 2017 in which he advised that he obtained his release from the state prison system on January 9, 2017 (Doc. No. 49).

to the Islamic community at Easterling and training of correctional officials "on the religious beliefs of inmates." *Doc. No. 1* at 4.

Based on the foregoing, the court issued an order requiring that on or before March 21, 2017 Slater "show cause why this case should not be dismissed as moot[.]" *Doc. No. 51*. As of the present date, Slater has filed no response to this order. The court therefore concludes that this case should be dismissed as moot.

## II. DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times during the pendency of a case. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In cases where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to render the matter moot. *National Black Police Assoc. v. District of Columbia,* 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." The mootness doctrine derives directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). "Put another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'"

*Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."); *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987) ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation."); P*owell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

Upon an inmate's release from incarceration, there is neither a "reasonable expectation" nor a "demonstrated probability" that the inmate will return to prison and the concomitant conditions for which he sought injunctive relief thereby rendering any request for injunctive relief moot. *See Darring v. Kincheloe*, 783 F.2d 874, 876-77 (9th Cir. 1986). When actions occur subsequent to the filing of a lawsuit and deprive the court of the ability to give the plaintiff meaningful relief, then the case is moot and must be dismissed. *See, e.g., Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam). In such instances, dismissal is required because mootness is jurisdictional. *See Florida Ass'n of Rehab. Facilities,* 225 F.3d at 1227 n.14 ("The question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction [over the merits of a

complaint]."). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id*. at 1217 (citing *Hall*, 396 U.S. at 48, 90 S.Ct. at 201-02 .

Slater is no longer incarcerated in the state prison system. The court finds that there is no reasonable expectation or demonstrated probability that Slater will return to incarceration. Consequently, the request for injunctive relief, the only relief sought by Slater, is moot. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (holding that past exposure to potential illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice as moot.

It is further ORDERED that on or before April 13, 2017 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues

covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 30th day of March, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE